(No. 3035—▮)

WILLIAM H. YOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1937.*

HERMAN JACOBS, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

During the fiscal year 1935-36 claimant was engaged in the retail liquor business under license which expired April 30, 1936. Claimant in due course applied for a license as such retailer for the period from May 1, 1936 to June 30, 1937 and remitted therefor the proper fee in the sum of Fifty-eight and 33/100 ($58.33) Dollars, a receipt for which was given to him on May 2, 1936 by the Illinois Liquor Commission. On June 8, 1936 the Certificate or License was issued, to expire on June 30, 1937.

On or before June 6, 1936, plaintiff sold his interest in the tavern to one Patrick Murray, who immediately took over the operation of tavern. According to the record, plaintiff has not operated the tavern since the day of the sale. He requested a refund from the Illinois Liquor Control Commission and has filed his present claim in the amount of $58.33 for the unused portion or period of such license permit.

The Attorney General on behalf of respondent has filed a motion to dismiss said claim, for the reason that there is no provision in law authorizing a refund of liquor license fees after the period has commenced to run for which such license was issued.

The Illinois Liquor Control Law does not provide for a refund of license fee where licensee disposes of his business and ceases to operate same, after application for such license is made, and after commencement of such license period, even though the actual issuance of such certificate has not yet taken place.

*Paragraph 26* of the *Liquor Control Act* of *Illinois (State Bar Statutes, Chap. 43)* authorizes a refund of the unearned portion of license fees in only three cases, to-wit:

1. Where application is denied.
2. In case of the death, insolvency or bankruptcy of the licensee.

3. Where the political subdivision, etc., in which licensed premises are situated becomes prohibition territory during the term of the license.

The present claim does not come within either of the situations stated and there is no authority for allowance of said claim. Similar questions have been before the court in the following cases: *Robb* vs. *State,* No. 2706, decided at the January Term, 1936; *Black* vs. *State,* No. 2971, and *Beals, etc.* vs. *State,* No. 3020, both decided at the May Term, 1937, in all of which awards have been denied. By action of the legislature of 1937 (see Session Laws 1937, page 95), claimant is given right of redress upon direct application to State Department of Finance.

The motion of respondent is allowed and the claim dismissed.